

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREW PERRONG
1657 THE FAIRWAY #131
JENKINTOWN, PA 19046

      Plaintiff

vs.

"PUBLIC OPINION RESEARCH"

    Defendant.

Case No.

JURY TRIAL DEMANDED

## COMPLAINT

### Preliminary Statement

1.    Plaintiff Andrew Perrong ("Plaintiff"), brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance calling practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.    The as-yet unidentified Defendant in this action ("Defendant"), who goes by the generic name "Public Opinion Research," and who transmits the caller ID 267-361-0291, sent pre-recorded message automated calls to Plaintiff, which is prohibited by the TCPA.

3.    The Plaintiff never consented to receive such calls, which were placed to him for polling purposes.

### Parties

4.    Plaintiff Andrew Perrong is a Pennsylvania resident, and a resident of this District.

5.     Defendant is unidentified at this time, and is only identified by its caller ID, 267-361-0291, the generic name provided on the call of "Public Opinion Research," and a possible alternate telephone number of 910-469-0574 which was also provided at the end of the call. The Defendant engages in calling activity into this District, as it did with the Plaintiff. After this complaint is filed, Plaintiff will make a motion under Fed. R. Civ. P. 26(d)(1) to serve a subpoena on the carrier(s) for 267-361-0291 and 910-469-0574 to ascertain the identity of the Defendant.

## Jurisdiction & Venue

6.     The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740 (2012).

7.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff was placed into this District.

## The Telephone Consumer Protection Act

8.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the automated calling industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

### The TCPA Prohibits Automated calls

9.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone

number assigned to a … cellular telephone service…or any service for which the called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

10.    The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

11.    According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live calls, and such calls can be costly and inconvenient.

## Factual Allegations

12.    Defendant is presumably in the business of conducting polling and proving associated research services.

13.    To conduct these polls, Defendant relies on automated calling.

14.    One of the polling strategies used by Defendant involves the use of pre-recorded calls.

### The Calls to Mr. Perrong

15.    Plaintiff Perrong is a "person" as defined by 47 U.S.C. § 153(39).

16.    Plaintiff's telephone number is (215) 947-XXXX (the "Number").

17.    That number is charged for each call it receives.

18.    Mr. Perrong receives a ring charge for each call placed to him on that line.

19.    Mr. Perrong is also charged per minute for each call placed to him on that line.

20.    On at least October 20, 2020 at 6:16 PM, the Plaintiff received a pre-recorded call from the Defendant with the caller ID 267-361-0291.

21.     Around the same time frame, the Plaintiff received calls from similar generic-sounding entities conducting polling but with whom the Plaintiff did not engage. The Plaintiff therefore alleges that discovery may reveal more calls from Defendant besides the one listed herein.

22.     The call began with a recorded message indicating that the caller was conducting a survey on behalf of "Public Opinion Research" and requested that the call recipient "Press 1" if they were a male and "Press 2" if they were a female.

23.     At the conclusion of the call, a pre-recorded message was played indicating that the call was "conducted by Public Opinion Research, 910-469-0574."

24.     In fact, the entire call was conducted with pre-recorded messages.

25.     In addition, the call was conducted using an Automatic Telephone Dialing System (ATDS) because it would be incongruous for a human to have dialed the call, only to play the caller pre-recorded automated messages.

26.     Moreover, calling back the numbers 267-361-0291 or 910-469-0574 demonstrates that the call was placed using an ATDS because it results in a computerized voice answering and playing to the caller an identical pre-recorded message indicating that the caller is "Public Opinion Research". This message does not provide the option to speak with a human.

27.     The Plaintiff never provided his consent or requested these calls.

28.     Plaintiff was harmed by these calls. He was temporarily deprived of legitimate use of his phone because his phone line was tied up during the automated call and his privacy was improperly invaded. The Plaintiff was charged for the calls. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff.

## Legal Claims

### Count One:
### Violation of the TCPA's Prohibition Against Automated Calling
### Via Pre-Recorded Message

29.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

30.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the telephone number(s) of Plaintiff using an artificial or prerecorded voice.

31.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff is entitled to an award of $500 in damages for each and every call made to his telephone number for which he is charged for the call using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

32.     Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any numbers of Plaintiff for which he is charged for the call using an artificial or prerecorded voice in the future.

33.     The Defendant's violations were wilful and/or knowing.

**Count Two:**
**Violation of the TCPA's Prohibition Against Automated Calling**
**With an Automatic Telephone Dialing System (ATDS)**

34.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

35.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the telephone number(s) of Plaintiff using an ATDS.

36.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff is entitled to an award of $500 in damages for each and every call made to his telephone number for which he is charged for the call using an ATDS in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

37.     Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any numbers of Plaintiff for which he is charged for the call using an artificial or prerecorded voice in the future.

38.     The Defendant's violations were wilful and/or knowing.

**Relief Sought**

WHEREFORE, Plaintiff requests the following relief:

A.     Injunctive relief prohibiting Defendant from calling telephone numbers using an artificial or prerecorded voice and/or ATDS.

B.     Because of Defendant's violations of the TCPA, Plaintiff seeks for himself $500 in damages for each violation or—where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(b)(3).

C.     Such other relief as the Court deems just and proper.

**Plaintiff request a jury trial as to all claims of the complaint so triable.**

Dated: **October 21, 2020**

/s/

Andrew Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com



PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

UNITED STATES

P

PRIORITY MAIL 1-DAY®

EXPECTED DELIVERY DAY 10/22/20

U.S. POSTAGE
PM 1-DAY
18966 0006
Date of Issue
10/21/20
06    2S SSK
11488693

891401021154511

C019

SHIP
TO:
601 MARKET ST
RM 2609
Philadelphia PA 19106-1732

USPS TRACKING® NUMBER

9505 5066 4636 0295 1952 60

0006

PS00001000001 4

EP14F Oct 2018
OD: 19 1/2 x 9 1/2

To schedule free
Package Pickup,
scan the QR code.

*Date
*USP:
   inter
*Limit
*Pick
*Orde
*Whel
   deck
*Dor

From: Andrew Perrong
1657 The Fairway #131
Jenkintown, PA 19046

TO: Clerk's Office
U.S. District Court, E.D. Pa.
601 Market St.
Room 2609
Philadelphia, PA 19106

PRIORITY MAI