IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of a class of individuals similarly situated<br>    Plaintiff,<br><br>v.<br><br>VICTORY PHONES LLC,<br><br>    Defendant. | Case No. 2:20-cv-05317 |

## DEFENDANT VICTORY PHONES, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Plaintiff, who alleges he incurred a charge of $0.017 on a joint account with his mother when he answered a call while virtually attending a law school class, asserts that he is entitled to compel Victory Phones to undertake the burdensome and costly exercise of producing records of an estimated 4.8 million telephone calls. Plaintiff's Motion to Compel (Doc. 59) is an attempt to turn a case worth little in the way of damages, statutory or otherwise, into something more fiscally favorable to Plaintiff, all at Victory Phones' expense. This Court should deny Plaintiff's Motion to Compel for the following reasons:

1. Plaintiff's motion ignores this Court's procedures and guidelines.

    a. Plaintiff has failed to attach the detailed Rule 26.1(f) certification of efforts to meet and confer over disputed discovery required by Section IV(B) of this Court's "General Pretrial and Trial Procedures." Instead, contrary to Section IV(B)'s mandate for a "substantive, specific and meaningful" certification, Plaintiff makes a conclusory assertion that there have been meet and confer

      efforts. On February 9, 2022, counsel for Victory Phones informed Plaintiff's counsel that although Victory Phones was objecting to producing additional telephone calls outside the relevant time period and the names of Victory Phones' clients, Victory Phones was willing to further meet and confer in an effort to resolve the disputes. Additionally, a few hours before Plaintiff filed his motion, counsel for Victory Phones asked Plaintiff to meet and confer about outstanding discovery issues, including deficiencies in Plaintiff's discovery responses.

   b. This Court's "General Guidelines Regarding Discovery" set out a phased approach and emphasize the importance of proportionality of discovery of electronically stored information. In his motion, Plaintiff fails to address why production of this volume of data is appropriate and proportionate at Victory Phones' estimated expense of $43,000 given the current phase of the case and the fact that Plaintiff's alleged out of pocket loss is less than $0.02. *See* Victory Phones, LLC's Supplemental Response to Plaintiff's Revised First Set of Discovery Requests, attached hereto as Exhibit A.

2. The information that Plaintiff seeks is neither discoverable nor proportional to the needs of the case. In Victory Phones' Supplemental Response to Plaintiff's Revised First Set of Discovery Requests, which Plaintiff did not provide to the Court, Victory Phones shows as a factual matter that; (1) the call that Plaintiff complains about originated from a unique project involving a specific calling list; (2) Victory Phones has already produced and Plaintiff already has the calling records for that unique project; and (3) it would cost Victory Phones at least $43,000 (more than 2.5 million

times the amount of the charge Plaintiff claims was incurred on the joint account with his mother) to determine the exact number of calls for "System B," let alone to pull the calling records. *See* Exhibit A. And Plaintiff, who sued Victory Phones, offers no explanation as to why the name of Victory Phones' client is at all relevant to proving his claims.

3. Plaintiff's motion ignores controlling case law addressing the scope of and cost burdens in class action discovery.

    a. Plaintiff purports he needs the calling records for two reasons: (1) to identify class members, and (2) for trial to calculate damages. Neither of those are at issue at this phase of the case. Plaintiff has not yet moved for class certification to even allow the opportunity for this Court to certify a class here. When Plaintiff does move for class certification, he will undoubtedly argue that under Third Circuit precedent, he is obligated to show that class members can be identified and thus needs the information he now seeks. However he does not need this data to fulfill that obligation—all that is required at class certification is a showing that class members <u>can</u> be identified, not that they have already been identified. *Byrd v. Aaron's Inc.*, 784 F.3d 154, 163 (3d Cir. 2015), as amended (Apr. 28, 2015). Further, since no class has been certified, there are no damages to calculate and thus no need for such information now.

    b. Plaintiff's motion is an improper attempt to shift the costs of identifying class members for purposes of class notice to Victory Phones. Identifying class members is relevant to providing class notice, which is addressed <u>after</u>

3

certification. Under U.S. Supreme Court precedent, Plaintiff will have to bear the cost of notice and cannot shift the costs to Victory Phones. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-79 (1974).

4. Given the speculative relationship between Plaintiff's claim and the information he seeks, and the disproportionality of the costs to obtain the records relative to the need for them at this phase of the case, if the Court does permit this discovery now, Plaintiff, who made the choice to pursue a class action rather than filing this claim as another in his series of individual cases, should bear the cost. *Boeynaems v. LA Fitness Int'l, LLC*, 285 F.R.D. 331, 341-43 (E.D. Pa. 2012) ("The Court is persuaded, it appearing that Defendant has borne all of the costs of complying with Plaintiffs' discovery to date, that the cost burdens must now shift to Plaintiffs, if Plaintiffs believe that they need additional discovery.").

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel should be denied.

| | |
|---|---|
| Hal G. Ostrow (Michigan Bar No. P63999)<br>*Pro Hac Vice*<br>RHOADES MCKEE PC<br>55 Campau Ave., N.W., Suite 300<br>Grand Rapids, MI 49503<br>(616) 235-3500<br>hostrow@rhoadesmckee.com | By: /s/ Randall P. Hsia<br>Ira N. Richards (PA.I.D. 50879)<br>Randall P. Hsia (PA. I.D. 203032)<br>Timothy K. Lewis (PA I.D. 32199)<br>SCHNADER HARRISON SEGAL & LEWIS LLP<br>1600 Market Street, Suite 3600<br>Philadelphia, PA 19103-7286<br>Telephone: 215-751-2000<br>Facsimile: 215-751-2205<br>irichards@schnader.com<br>rhsia@schnader.com<br>tlewis@schnader.com |

*Attorneys for Defendant Victory Phones LLC*

Dated: February 23, 2022

4