IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of a class of individuals similarly situated<br>     Plaintiff,<br><br>  v.<br><br>VICTORY PHONES LLC,<br><br>     Defendant. | Case No. 2:20-cv-05317 |

## DEFENDANT VICTORY PHONES, LLC'S MOTION TO COMPEL

Defendant Victory Phones LLC, by and through undersigned counsel, moves this Court to compel Plaintiff to produce documents responsive to Victory Phones' Document Request Nos. 10 and 11.

### BACKGROUND

Victory Phones served discovery requests on Plaintiff on November 18, 2021 and Plaintiff provided responses on January 28, 2022. In response to Victory Phones' Interrogatory No. 5, requesting details of the circumstances surrounding Plaintiff's receipt of the allegedly unlawful call, Plaintiff stated that he was located at his parents' house and attending a law school class at the time of the call. Consistent with Interrogatory No. 5, Victory Phones' Document Request Nos. 10 and 11 seek documents related to the Plaintiff's real time recording of the call, and documents related to Plaintiff's receipt and answering of the call, including where he was located and what he was doing at the time of the call. Plaintiff objected to the requests on various grounds, and to date has refused to provide any such documents.

The parties have communicated extensively, via email, letter, and phone conference, about this discovery dispute over the last month or so, to no avail. On February 3, 2022, counsel for Victory Phones asked Plaintiff's counsel via letter to meet and confer about outstanding discovery disputes, including Plaintiff's objections to Document Request Nos. 10 and 11. That letter outlined that Victory Phones sought any documents concerning Plaintiff answering the call at issue during a law school class, such as notes Plaintiff took during the class or guidelines from Plaintiff's law school or professor about virtual class attendance and participation. On February 13, 2022, counsel for Plaintiff stated via email that they would be standing by their objections. Counsel for Victory Phones again wrote to Plaintiff's counsel on February 17, 2022, stating that Plaintiff's refusal to produce documents responsive to Document Request Nos. 10 and 11 would necessitate filing a motion to compel, and asking again for reconsideration of Plaintiff's objections. On February 28, 2022, Plaintiff's counsel again stated via email that Plaintiff stands by his objections to Document Requests No. 10 and 11. A meet and confer occurred via phone conference on March 8, 2022, where Plaintiff once again indicated he would not be producing responsive documents.

**ARGUMENT**

Victory Phones is entitled to documents responsive to its Document Request Nos. 10 and 11, as they relate to Plaintiff's ability to establish that he suffered an injury in fact sufficient to support standing to bring claims under the TCPA on behalf of himself and the purported class he intends to represent.

"[T]o establish standing, a plaintiff must show (i) *that he suffered an injury in fact that is concrete, particularized, and actual or imminent*; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (emphasis added). Allegations of statutory violations

are not "concrete" enough—"only those plaintiffs concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* at 2205; *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) ("Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."). Both tangible and intangible harms may constitute injuries sufficient under Article III. *Spokeo, Inc.*, 136 S. Ct., at 1549. Intangible harms that bear a "close relationship" to traditionally recognized causes of actions are concrete injures in fact. *Id.* at 1549-50.

Violations of the TCPA bear a close relationship to invasion of privacy claims. *See Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782 (W.D. Pa. 2016); Pub. L. No. 102-243, § 2, 105 Stat. 2394, 2394 (1991) (explaining in the findings that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy" and characterizing telemarketing as a "nuisance"). In order to comply with Article III, plaintiffs claiming violations of the TCPA must establish that the alleged statutory violation constituted an actual invasion of their privacy.

Here, Plaintiff bears the burden of showing that he suffered an injury in fact akin to an invasion of privacy. Whether the allegedly unlawful call constituted an invasion of Plaintiff's privacy is a fact specific inquiry. Documents related to what Plaintiff was doing and where he was at the time of the call he alleges is violative of the TCPA bear on Defendant Victory Phones' ability to contest Plaintiff's alleged injuries, and ultimately Plaintiff's standing to bring such TCPA claims on behalf of himself and the purported class he intends to represent.

## CONCLUSION

For the reasons stated above, Defendant Victory Phones LLC respectfully requests that this Court enter an Order compelling Plaintiff Andrew Perrong to produce documents responsive to Victory Phones' Document Request Nos. 10 and 11.

|  |  |
|---|---|
| Hal G. Ostrow (Michigan Bar No. P63999)<br>*Pro Hac Vice*<br>RHOADES MCKEE PC<br>55 Campau Ave., N.W., Suite 300<br>Grand Rapids, MI 49503<br>(616) 235-3500<br>hostrow@rhoadesmckee.com | By: /s/ Randall P. Hsia<br>Ira N. Richards (PA.I.D. 50879)<br>Randall P. Hsia (PA. I.D. 203032)<br>Timothy K. Lewis (PA I.D. 32199)<br>SCHNADER HARRISON SEGAL & LEWIS LLP<br>1600 Market Street, Suite 3600<br>Philadelphia, PA  19103-7286<br>Telephone: 215-751-2000<br>Facsimile: 215-751-2205<br>irichards@schnader.com<br>rhsia@schnader.com<br>tlewis@schnader.com |

*Attorneys for Defendant Victory Phones LLC*

Dated:   March 15, 2022

## **LOCAL RULE 26.1(f) CERTIFICATE**

To date, counsel for Victory Phones' have engaged in good faith efforts to try and resolve the discovery dispute described in Victory Phones' Motion to Compel. Those efforts are described in more detail below:

On November 18, 2021, Victory Phones served Plaintiff with discovery requests. After two extensions, Plaintiff provided responses on January 28, 2022. In a February 3 letter requesting a meet and confer, Victory Phones identified issues with Plaintiff's responses, including Plaintiff's objections to Document Request Nos. 10 and 11. The parties emailed back and forth from February 7 to February 13, with Plaintiff stating that he would be standing by his objections to Document Requests No. 10 and 11.

Victory Phones sent a second letter requesting a meet and confer to Plaintiff on February 17, specifically asking Plaintiff to reconsider his position on Document Requests No. 10 and 11 to avoid necessitating a motion to compel. On February 25, Plaintiff filed a motion to compel regarding another discovery dispute, and that same day, Victory Phones emailed Plaintiff again requesting an opportunity to meet and confer about outstanding discovery disputes. Plaintiff responded to Victory Phones' second letter on February 28, stating again that he would be standing by this objections to Document Requests No. 10 and 11. The parties emailed back and forth for another week after that, and a meet and confer was held on March 8. During the meet and confer, Plaintiff again renewed his objections to Document Requests No. 10 and 11, and no documents responsive thereto have been produced to date.

I, Randall P. Hsia, certify the foregoing information to be true and accurate to the best of my knowledge, information, and belief.

By: /s/ Randall P. Hsia
March 15, 2022                                                                                      Randall P. Hsia