IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of a class of individuals similarly situated.<br><br>       Plaintiff<br><br>vs.<br><br>VICTORY PHONES LLC<br><br>    Defendant. | Case No. 2:20-cv-05317 |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL (ECF NO. 62)**

**Introduction and Legal Standard**

Rule 26 does not provide for open-ended discovery of any information which may be remotely relevant to a claim or defense. Discovery is not a fishing expedition for potential claims or defenses. *Upshaw v. Janssen Rsch. & Dev., LLC*, No. CIV.A. 11-7574, 2014 WL 1244047, at *3 (E.D. Pa. Mar. 26, 2014). A party moving to compel bears the initial burden of showing the relevance of the requested information, which then shifts to the party resisting discovery to justify withholding it. *Morrison v. Philadelphia Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001). Defendant Victory Phones has not borne its burden to demonstrate why the information it seeks is even remotely relevant or proportional to the needs of the case.

**Argument – Request for Production 10**

Defendant's Request for Production 10 requests, "[a]ll documents referring or relating to any recording you made of the telephone call identified in paragraph 28 of the Second Amended Complaint and any other call from Victory Phones through February 13, 2021." In response to

this request, the Plaintiff produced the recordings of the calls in their native format, together with all metadata, and the applicable call records that went with the recordings. Defendant nevertheless contended, after a meet and confer, that there were additional documents related to the recordings as part of one of Plaintiff's law school classes. Moreover, Defendant refused to clarify exactly what documents it was seeking that would "refer" or "relate to" the recording of a telephone call. Plaintiff does not speak about pending litigation in his law school classes, and certainly does not unmute his microphone during a class for his other classmates to stop and listen to him take a disruptive, unsolicited, and unwanted robocall. Plaintiff does not journal his recordings with those who call him illegally, let alone in a notebook for law school class work. Dissatisfied with the fact that no additional documents responsive to this interrogatory exist, Defendants filed this motion to compel. Of course, dissatisfaction with the documents produced in discovery does not justify granting a motion to compel. *See Rivera v. Rendell*, No. 3:CV-10-0505, 2017 WL 2985400, at *2 (M.D. Pa. July 13, 2017).

### Argument – Request for Production 11

Defendant's Request for Production 11 requests

> All documents relating or referring to your receipt and answering of the telephone call identified in paragraph 28 of the Second Amended Complaint and any other call from Victory Phones through February 13, 2021 including, but not limited to, documents identifying the address where you were physically located at the time of the subject calls and documents concerning or memorializing what you were doing at the time of the calls and the 60 minutes before and after such calls.

Contrary to Defendant's claims, this Request for Production has nothing to do whether or not the Plaintiff suffered an injury-in-fact or has standing. Based partly on Plaintiff's declaration, under penalty of perjury, that he was attending a law school class at the time and the call disrupted him in the class, this Court held that Plaintiff has standing. *See Perrong v. Victory Phones LLC*, No. CV 20-5317, 2021 WL 3007258, at *5 (E.D. Pa. July 15, 2021).

In response to this Request, Plaintiff produced telephone records, including telephone billing records for the month of the call, which would include any telephone records of calls placed or received to the number at issue here at the time of the calls and the 60 minutes before and after. These records confirm that Plaintiff does not have a habit of answering calls during virtual law school classes, and Plaintiff certainly does not place outbound calls instead of participating in class. Plaintiff also stated, under penalty of perjury, that he was at his parents' house at the time and was attending a law school class virtually because of the pandemic. Like most people, Plaintiff does not maintain documents listing where he is every hour of every day, let alone memorialize each visit in some tangible form.

Victory Phones claims it needs more documents to determine if plaintiff "suffered an injury in fact akin to an invasion of privacy." But, as this Court noted, Victory Phones pays insufficient heed to *Lexmark Int'l, Inc. v. Static Control Components, Inc*, which held that a court may only consider whether Congress did authorize a suit. *Victory Phones*, 2021 WL 3007258, at *4 n.2. And, as the Third Circuit noted in *Susinno v. Work Out World Inc.*, even a single unsolicited voicemail for a call that went unanswered was deemed sufficient to have invaded the plaintiff's privacy. 862 F.3d 346, 348 (3d Cir. 2017). So too here.

And, assuming *arguendo*, that there existed in some possible world documents that the Plaintiff created that would potentially be relevant to his standing, his class notes simply aren't those kinds of documents. The only other documents which would arguably be responsive to this request would be Plaintiff's class notes for 60 minutes before and after the call he received and interacted with. But class notes in a law school class, let alone their perceived quality or what Plaintiff learned in the class, have nothing to do with Plaintiff's standing or whether his privacy was invaded. Neither too, does Plaintiff's ultimate grade in the class or transcript notations for

3

it.[1] Mr. Perrong has stated that he did not want the call, that the call disrupted his class, and that he was harmed in multiple ways for the call. Unlike the Plaintiff in *Stoops*, who carried around a shoebox full of 35 cell phones wherever she went, the Plaintiff's phone remained and remains on the desk next to the computer he attended the class on.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel (ECF No. 62) should be DENIED in its entirety.

---

[1] The grade in the class at issue was A+. The notations were Distinguished Class Participation and Best Paper.

Respectfully submitted,

**/s/ Anthony I. Paronich**
Anthony I. Paronich (admitted *pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: 508.221.1510
E-mail: anthony@paronichlaw.com

Joseph F. Murray (327025)
Brian K. Murphy (admitted *pro hac vice*)
Jonathan P. Misny (admitted *pro hac vice*)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215
Telephone: 614.488.0400
Facsimile: 614.488.0401
E-mail: murray@mmmb.com
          murphy@mmmb.com
          misny@mmmb.com

G. Clinton Kelley
304 Ross Street, 7th Floor
Pittsburgh, PA 15219
Telephone: 412.454.5599
E-mail: gckesq@gmail.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I, hereby certify that on March 22, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

**/s/ Anthony I. Paronich**
Anthony I. Paronich (admitted *pro hac vice*)